UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE THE APPLICATION OF: | ) ) ) | |
| FEDERICO MENDEZ, | ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil No. 14-13747-LTS |
| MAYA K. MAY, | ) ) | |
| Respondent. | ) ) ) | |

ORDER ON PETITIONER'S MOTION TO DISQUALIFY

October 10, 2014

SOROKIN, J.

After an evidentiary hearing, I make the following findings of fact and rulings.

In February or March of 2014, Respondent Maya May retained Attorney Anne Berger to represent her in child custody and related matters. In June of 2014, without knowledge of the foregoing, Petitioner Federico Mendez contacted Attorney Lloyd Godson (Berger is of counsel in Godson's firm) to consider retaining Godson to represent Petitioner in the present action. To this point (and in fact not until service of the Petition in this action), Godson had no involvement in the representation of Respondent and had no personal knowledge of Berger's representation of Respondent.

As a result of the initial email inquiry, Godson and Petitioner spoke (via an audio only Skype call) for almost a half hour about the prospects for this case. Petitioner disclosed public

record matters regarding proceedings in Argentina, successful and unsuccessful efforts made in Argentina with his counsel there to locate and return his child to Argentina, and his wishes for this case. Godson, in turn, asked some questions about these matters, or the potential case generally, and rendered legal advice and commentary regarding possible courses of action as well as the prospects for success of certain courses. They concluded the conversation with Godson explaining his fee structure. No further communications occurred between them. During the communications between Petitioner and Godson, no mention was ever made of the name of Respondent (the mother of Petitioner's child). Godson conducted no conflict check with Berger. Petitioner ultimately hired different counsel.

After service of the Petition, Respondent met with Attorney Berger. At some point, Attorney Godson joined the discussion. At that time, Godson realized and appreciated the possible conflict. He properly and immediately notified Petitioner's counsel. I find Attorney Godson acted in good faith at all times herein, and Petitioner agrees.

Petitioner moves for disqualification citing Mailer v. Mailer, 455 N.E.2d 1211 (1983). Respondent opposes citing the same case. The facts in this case are materially different from Mailer in two respects. First, the Supreme Judicial Court ("SJC") ruled "there could be no compromising disclosure" of confidential information by the defense counsel in Mailer because, based on the record of the communication between the plaintiff in that case and defense counsel, the plaintiff revealed no such information. Mailer, 455 N.E.2d at 1213. The same cannot be said here. Given the specific discussion between Petitioner and Godson regarding the case, events, courses of action, strategies pursued (successfully and unsuccessfully by counsel in Argentina) as well as the advice rendered, I find that Petitioner did disclose confidential information. In

2

addition, in some real sense, Petitioner revealed himself to Respondent's counsel in a case in which credibility may prove material.

Second, only a brief period of less than four months has elapsed in this case between Petitioner's discussion with Attorney Godson and Godson's appearance in this action. In Mailer, five years elapsed between the corresponding events. Id. at 1212.

In light of the foregoing findings and the SJC's admonition in Mailer that "the facts in this case probably bring us as close to the outer limits" as that court would allow, id. at 1213, the Motion to Disqualify, Doc. No. 16, is ALLOWED.[1] Attorney Godson shall not disclose his communications with Petitioner, nor Petitioner's testimony at the hearing on this matter.

The Court will hold a status conference on October 17, 2014 at 3:00 p.m. in Courtroom 13 with Respondent, in person, and counsel for Petitioner. If new counsel files an appearance, he or she may seek to move the date of the status conference or convert it to a scheduling conference.

                                                            SO ORDERED.

                                                      /s/ Leo T. Sorokin
                                                      Leo T. Sorokin
                                                      United States District Judge

---

[1] Respondent makes no argument that the Court should consider the duration or extent of her attorney-client relationship with either Attorney Godson or Berger in evaluating the Motion. In addition, Attorney Godson concedes that if the Court disqualifies him, the Court must also disqualify Attorney Berger. Thus, there is no request to consider the invocation of the screening procedures set forth in the Massachusetts Rules of Professional Conduct. See Mass. Rules of Prof'l Conduct R. 1.10(e).