UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                              | )  |                        |
|------------------------------|----|------------------------|
| IN RE THE APPLICATION OF:    | )  |                        |
|                              | )  |                        |
| FEDERICO MENDEZ,             | )  |                        |
|                              | )  |                        |
| Petitioner,                  | )  |                        |
|                              | )  |                        |
| v.                           | )  | Civil No. 14-13747-LTS |
|                              | )  |                        |
| MAYA K. MAY,                 | )  |                        |
|                              | )  |                        |
| Respondent.                  | )  |                        |

ORDER ON MOTION TO EXCLUDE RESPONDENT'S PSYCHOLOGICAL EXPERT

December 12, 2014

SOROKIN, J.

Respondent retained a psychological expert to evaluate her son and arranged for the expert to interview her son at length. Thereafter, the expert prepared a report describing the consequences to the child, in the expert's opinion, of the child's return to Argentina. Petitioner moves to exclude the expert. Several of Petitioner's arguments concern not the admissibility of the expert's testimony, but its weight, e.g., challenges to the expert relying upon "hearsay," "biased" reports from interested parties, and that the child was "prepared" for meeting with the expert. Insofar as Petitioner objects alleging the lack of an opportunity to depose the expert, that is incorrect. Respondent made disclosures pursuant to the schedule established by the Court, and Respondent has stated the expert has been and remains even now available for deposition.

Petitioner's privilege objection remains.  It too fails. The nature of the evaluation arranged by Respondent from the outset did not contemplate the creation of a therapeutic relationship or the disclosure of information in confidence.  Thus, no privilege attached.  Even if a privilege did attach, the father lacks standing to assert the privilege or an objection based on the privilege under Massachusetts law.  In re Adoption of Diane, 508 N.E.2d 837, 840 n.4 (Mass. 1987).  While this case arises under federal law and, therefore, federal privilege governs, Fed. R. Evid. 501, no party has suggested that federal law differs from Massachusetts law on this point.  While the procedure Petitioner suggests may be the ideal process—the appointment of a guardian for the child to assess whether to permit or authorize an expert evaluation—the parties retain an independent interest in determining whether return of the child would expose him to grave risk of physical or psychological harm.  By arranging for the evaluation, Respondent has acted on that interest.

The Motion to Exclude, Doc. No. 78, is DENIED.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge